IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEIMAN V. ROBINSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-2520-G-BH |
| § | |
| CSL PLASMA CENTER, § | |
| § | |
| Defendant. § | |

## DEFENDANT CSL PLASMA CENTER'S MOTION FOR
## JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT

Defendant CSL Plasma Center[1] hereby moves for judgement on the pleadings under Federal Rule of Civil Procedure 12(c) and dismissal with prejudice of all of Plaintiff's claims for the following reasons:

### I.   INTRODUCTION

In this action, Plaintiff Neiman V. Robinson ("Plaintiff") asserts a claim of medical malpractice against Defendant CSL Plasma Center ("CSL") related to plasma he allegedly donated to CSL in 1998.[2] More specifically, Plaintiff alleges that more than 20 years ago, CSL infected him with HIV through "dirty blood" during his plasma donation. As is apparent on the face of the Complaint, Plaintiff's claim against CSL is time-barred under the two-year statute of limitations governing claims of medical malpractice. Further, Plaintiff seeks injunctive relief to which he is not entitled, as he has failed to satisfy the procedural requirements of Fed. R. Civ. P. 65(b).

---

[1] CSL is misnamed in the Complaint.

[2] CSL's records reflect a single donation on May 30, 1995, and no activity thereafter.

Accordingly, CSL moves for judgment on the pleadings under Fed. R. Civ. P. 12(c) and to that end, this Court should dismiss Plaintiff's claims against CSL with prejudice.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On September 10, 2021, Plaintiff filed the instant lawsuit against CSL in the 44th Judicial District Court in Dallas County, Texas, by way of an Original Petition.[3] CSL timely filed its Answer to Plaintiff's Original Petition on October 4, 2021, and then timely removed this action to this Court on October 13, 2021.[4]

Plaintiff alleges in his Original Petition that, "in 1998, before 8/1998," he donated plasma at a CSL collection center in Dallas, Texas.[5] He then claims that when he returned to CSL in an attempt to donate plasma a second time, CSL advised him that he had tested positive for HIV,[6] which the Texas Department of Health subsequently confirmed.[7] Plaintiff also alleges that his treating medical provider, Dr. Keith Rawlings of Peabody Health Clinic, attributed the source of Plaintiff's HIV infection to a "dirty product needle" he received "recently" from CSL during the plasma donation process.[8]

---

[3] Doc. 1.

[4] *Id.*

[5] *Id.* at ¶ 5.

[6] CSL is not a lab and does not conduct diagnostic testing. Plaintiff may be referring to the preliminary screening that CSL conducts as part of the donation process.

[7] *Id.*

[8] *Id.*

Plaintiff now brings a cause of action for medical malpractice against CSL through which he purports that in 1998 CSL gave him HIV during the plasma donation process.[9]  Plaintiff further seeks what appears to be a temporary injunction against CSL with respect to his "living expenses." Both Plaintiff's medical malpractice claim and claim for injunctive relief fail as a matter of law.

### III.  LEGAL STANDARD AND RECORD ON A RULE 12(c) MOTION

A motion for judgment on the pleadings under Rule 12(c) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).[10]  It is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially-noticed facts.[11]  The motion should be granted if there is no issue of material fact and the pleadings show the moving party is entitled to judgment as a matter of law.[12]  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.[13] However, the plaintiff's factual allegations must be enough to "raise a right to relief above the speculative level."[14]

---

[9] *Id*. For purposes of this motion, Defendant will treat the plausible allegations of the Plaintiff's Complaint (Petition) as true. However, Defendant has denied all of the allegations in Plaintiff's Original Petition, including any allegation or implication that it is a medical provider under Texas law.  *See* Answer to Petition (Doc. 1, p. 14).

[10] *See In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 209 (5th Cir. 2010); *Guidry v. American Public Life Insurance Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

[11] *Hebert Abstract C. v. Touchstone Properties*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam).

[12] *Greenberg v. General Mills Financial Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973).

[13] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom *Cloud v. United States*, 536 U.S. 960 (2002).

[14] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

For a motion to dismiss based on the affirmative defense of limitations, "the successful affirmative defense must appear clearly on the face of the pleadings."[15] Thus, a defendant is entitled to dismissal under Rule 12(c) where the face of the plaintiff's complaint "plead[s] himself out of court by admitting to all the elements of the [statute of limitations] defense."[16]

### IV. PLAINTIFF'S ALLEGATIONS FAIL TO STATE CLAIMS FOR RELIEF

Plaintiff's claims expired 21 years before he filed this lawsuit. They are, based on the face of his Complaint, time-barred by the two-year statute of limitations applicable to both medical malpractice and negligence claims. Plaintiff has also failed to serve the expert report required by the Texas Medical Liability Act. Finally, Plaintiff's request for injunctive relief should also be dismissed because Plaintiff fails to meet the procedural requirements under Fed. R. Civ. P. 65(d).

#### A. **Plaintiff's Medical Malpractice Claim Expired in 2000.**

In Texas, medical malpractice claims are governed by a two-year statute of limitations articulated in section 74.251 of the Texas Medical Liability Act (the "Act").[17]  Limitations begins to run "when facts come into existence that authorize a claimant to seek a judicial remedy." *Pickaree v. Eli Lily Pharm. Co.*, No. CIV.A. H-14-3481, 2015 WL 1800481, at *1 (S.D. Tex. Apr. 16, 2015). Statutes of limitation rest upon reasons of sound public policy in that they tend to safeguard against fraud and protect courts from resolving stale claims. *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1018 (W.D. Tex. 2000). "The purpose behind a statute of limitations is not

---

[15] *Anderson v. Octapharma Plasma, Inc.*, No. 3:19-CV-2311-D, 2020 WL 7245075, at *13 (N.D. Tex. Dec. 9, 2020) (J. Fitzwater) (citing *Cochran v. Astrue*, No. 3:11-CV-1257-D, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011)).

[16] *Id.*; *see also Sivertson v. Clinton*, No. 3:11-CV-0836-D, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011); *W. Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009).

[17] Tex. Civ. Prac. Rem. Code § 74.251. The statute of limitations for negligence resulting in personal injury is also two years. Tex. Civ. Prac. & Rem. Code § 16.003.

only to encourage a plaintiff to prosecute his claims within a period of time but, just as important, to advise the defendant of the claim against him in a timely fashion so that he may prepare his defense and preserve evidence before the lapse of time has rendered this process difficult, if not impossible." *Id.*

Here, Plaintiff does not and cannot allege a timely medical malpractice claim against CSL.[18] According to Plaintiff's own representations, he donated plasma at a CSL location "in 1998, before [August] 1998."[19] Plaintiff also states that, during his second visit to donate plasma at CSL, CSL informed him that he was disqualified from donating plasma after his initial donation screened positive for HIV.[20] Plaintiff further alleges that he then sought treatment from Dr. Keith Rawlings at the Peabody Health Clinic, who allegedly informed Plaintiff that he "had dirty blood," and contracted HIV during the plasma donation process at CSL "by a dirty product needle, recently."[21]

It is clear from the facts alleged in the Complaint that Plaintiff's medical malpractice claim accrued in 1998 either at the time he learned of his HIV positive status during his second visit to CSL or shortly thereafter at his visit to Dr. Rawlings (who Plaintiff claims attributed his HIV status with his "recent" plasma donation). Consequently, Plaintiff's medical malpractice claim against CSL expired in 2000—21 years before he filed this lawsuit—and is incurably time-barred.

---

[18] For purposes of this Motion, CSL is taking Plaintiff's allegations as true. CSL is not conceding, and reserves the right to contest, that it is a health care institution or health care provider, that it provided medical care to Plaintiff, or that it is otherwise subject to the Texas Medical Liability Act—Tex. Civ. Prac. & Rem. Code § 74.001, *et seq*.

[19] Doc. 1 at ¶¶ 1, 5.

[20] *Id.*

[21] *Id.*

B.     **Plaintiff Has Failed to Serve the Required Medical Expert Report.**

Under section 74.351(a) of the Texas Medical Liability Act, Plaintiff was required to serve an expert report within 120 days of CSL's Answer.[22] CSL filed its Answer on October 4, 2021,[23] making Plaintiff's expert report deadline February 7, 2022.[24] Plaintiff has failed to serve an expert report as of the date of this Motion and, consequently, the Court must dismiss Plaintiff's medical malpractice cause of action and award CSL its attorneys' fees.

Sections 74.351(b)(1)-(2) of the Act state that, if a plaintiff fails to serve the required expert report by the deadline, the court "shall" enter an order that:

> (1)   awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
>
> (2)   dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem. Code §§ 74.351(b)(1)-(2). Although CSL does not concede that it is a health care provider, the standard for Rule 12 motions counsels that the Court should take Plaintiff's allegations as true for the purposes of this Motion and assume that Plaintiff's claim is governed by the Act. As such, Court must dismiss Plaintiff's claim with prejudice for failing to meet the expert report requirement and award CSL its reasonable attorneys' fees and costs. See "Sworn Declaration of Collin K. Brodrick, Esq. in Support of Attorneys' Fees," attached hereto as Exhibit A.

---

[22] Tex. Civ. Prac. & Rem. Code § 74.351(a).

[23] Doc. 1 at Ex. B.

[24] Insofar as the Court has the authority to extend the statutory expert report deadline and, in fact, did so through the Court's scheduling order (Doc. 8), Plaintiff's expert report deadline passed on February 25, 2022.

### C.     Plaintiff's Claim Has Expired Under an Ordinary Negligence Theory As Well.

Even if the Court treats Plaintiff's medical malpractice claim as one for ordinary negligence, Plaintiff's claim would still be time-barred because ordinary negligence also carries a two-year statute of limitations pursuant to Tex. Civ. Prac. & Rem. Code § 16.003. The Complaint (Petition) should be dismissed with prejudice as any effort to replead the allegations cannot overcome the fact that such a claim is time-barred by the applicable statute of limitations.

### D.     Plaintiff's Claim for Injunctive Relief is Improper.

Plaintiff also seeks a temporary injunction "for [his] living expenses."[25] Essentially, Plaintiff seeks an award of interim money damages, which is not a permissible form of injunctive relief.  *See Consol. Rest. Operations, Inc. v. Nat'l Processing Co., LLC*, No. CIV. A. 3:02-CV-1278-G, 2002 WL 1432469, at *6 (N.D. Tex. June 28, 2002) ("[t]here is abundant case law in this circuit and other federal courts that where money damages are adequate, there is no basis for [injunctive relief]."). Plaintiff's request fails because Plaintiff did not verify his Application for Temporary Injunction as required by Fed. R. Civ. P. 65 and because the relief he requests – financial compensation – is not equitable in nature and would be available only after a trial or final judgment on the merits.

Rule 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[25] Doc. 1 at ¶ 9.

**DEFENDANT CSL PLASMA CENTER'S MOTION FOR**
**JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT**                                      Page 7

Fed. R. Civ. P. 65(b)(1). The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction.[26] A court may only grant injunctive relief where the moving party satisfies the initial requirements as set forth in Fed. R. Civ. P. 65(b)(1)(A)-(B).[27] Courts routinely and swiftly reject the application for injunction where a plaintiff fails to comply, including when the plaintiff fails to provide an affidavit or verified complaint supporting plaintiff's factual assertions.[28]

Moreover, it is well settled that a claim for injunctive relief premised on money damages fails because no irreparable injury – which is an element that Plaintiff must satisfy prior to any award for injunctive relief – exists. *DFW Metro Line Services v. Southwestern Bell Telephone Co.*, 901 F.2d 1267, 1269 (5th Cir. 1989) ("[t]here can be no irreparable injury where money damages would adequately compensate a plaintiff."), *cert. denied*, 498 U.S. 985 (1990). Indeed, money damages are properly determined by courts, not on a request for injunctive relief, but after a trial on the merits or through an award of damages. *See Consol. Rest. Operations, Inc.*, 2002 WL at *6 (denying Plaintiff's request for injunctive relief based on money damages and holding that "the amount of any funds owed to [plaintiff] will be determined after a trial on the merits, and [plaintiff] can receive redress through an award of damages.").

Here, Plaintiff has not met the procedural requirements for injunctive relief by providing specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result absent such relief. And, even if Plaintiff provided an

---

[26] *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

[27] *Id.*

[28] *Id.*; *see also Simmons v. Thomas*, No. 3:19-CV-2996-K-BK, 2020 WL 1977454, at *1 (N.D. Tex. Apr. 9, 2020).

affidavit or verified his complaint, his Application still fails because he is merely requesting money damages, which does not warrant injunctive relief.

## V.   CONCLUSION

For the foregoing reasons, the Court should (i) dismiss with prejudice and grant judgment on the pleadings to CSL on Plaintiff's claim for medical malpractice because it is time-barred by the applicable statutes of limitations and Plaintiff has failed to serve an expert report as required by the Texas Medical Liability Act; (ii) award CSL its reasonable attorneys' fees in the amount of $20,000; (iii) deny Plaintiff's Application for Temporary Injunction because it is procedurally and substantively improper; and (iv) grant Defendant its reasonable attorney's fees and costs attendant upon this motion.

Respectfully submitted,

By: /s/ *Collin K. Brodrick*
  COLLIN K. BRODRICK
  Texas State Bar No. 24087212
  collin.brodrick@ogletree.com
  SHAINA E. HICKS, *admission pending*
  Pennsylvania State Bar No. 322772
  shaina.hicks@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 692-0168
    -and-
BRUCE J. DOUGLAS
Texas State Bar No. 06039770
bruce.douglas@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, Minnesota  55402
Telephone:  (612) 336-6858

**ATTORNEYS FOR DEFENDANT
CSL PLASMA CENTER**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 6, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, and a true and correct copy of the foregoing document was served on Plaintiff as follows:

*Via Email & CMRRR*
Neiman V. Robinson
3901 North Hall Street, Apt. L
Dallas, Texas  75219
Friendsnight209@gmail.com

                                                  */s/ Collin K. Brodrick*
                                                  COLLIN K. BRODRICK