IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEIMAN V. ROBINSON, §<br>Plaintiff, §<br>v. §<br>§<br>CSL PLASMA CENTER, §<br>Defendant. § | <br><br>Civil Action No. 3:21-CV-02520-G-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Defendant CSL Plasma Center's Motion for Judgment on the Pleadings*, filed April 6, 2022 (doc. 17), should be **GRANTED in part**, and the plaintiff's *Motion for Summary Judgment*, filed April 7, 2022 (doc. 21), should be **DENIED as moot**.

### I.  BACKGROUND

Nieman V. Robinson (Plaintiff) sues a blood plasma donation center, CSL Plasma Center (Defendant), for medical malpractice.  (doc. 1 at 8, 10.)[2] He claims that he first donated plasma before August 1998 with no issue. (*Id.* at 8-9.) When he returned to donate plasma a second time, he was informed that he had traces of HIV in his blood and instructed to see a professional. (*Id.*) The Health Department confirmed that he was HIV positive. (*Id.* at 9.) Plaintiff went to the Peabody Health Clinic (now Prism Health Clinic), where he was a patient from 1998 through 2001.

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*Id.* at 9; *see also* doc. 13 at 1; doc. 23 at 2.) He saw Dr. Keith Rawlings, who told him that he had traces of "dirty blood" caused by "a dirty needle" and asked him if he had used drugs with a needle or had a blood transfusion. (doc. 1 at 8-9.) Plaintiff said no, but that he had recently donated plasma, and Dr. Rawlings told him that was how he got infected with HIV. (*Id.* at 9.) Dr. Rawlings recommended a treatment that would take 2 to 4 years, but Plaintiff had to stop the treatment because of the side effects. (doc. 23 at 2.)

On September 10, 2021, Plaintiff filed suit in the 44th District Court of Dallas County, Texas, expressly asserting a claim of medical malpractice. (doc. 1 at 8-12.) He seeks damages of at least $1.5 million, including compensatory and punitive damages, medical treatment, and injunctive relief. (*Id.* at 10-12.) The first page of his petition states, "[Defendant] caused equitable tolling." (*Id.* at 8.) He also contends that the treatment to "cure the recklessness endangerment crime was the causation of statute of limitations." (doc. 23 at 2.)

On October 13, 2021, Defendant removed this action to federal court, alleging diversity jurisdiction. (doc. 1 at 1-3.) On April 6, 2022, it moved for judgment on the pleadings. (doc. 17.) Plaintiff responded and moved for summary judgment on April 7, 2022. (docs. 20, 21, 23.)

## II.  MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant moves to dismiss Plaintiff's sole medical malpractice claim under Rule 12(c) of the Federal Rules of Civil Procedure. (doc. 17 at 3).

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust*

*Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 793-94 (N.D. Tex. 2013) (citing *id.*) ("As with a Rule 12(b)(6) motion, the question under Rule 12(c) is whether the plaintiff is entitled to offer evidence to support his claim, not whether he will ultimately prevail on the merits.").

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal, 75 F.3d 190*, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied,* 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be

granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probably requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils.*, Inc., 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If ... matters outside the pleading[s] are presented to and not excluded by the court, [however,] the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"[P]leadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and

4

are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff submitted a sworn "Affidavit of Doctors Statement" and a sworn response to Defendant's motion to dismiss, which clarify his factual allegations concerning his claims and when he was told that he had contracted HIV. (*See* docs. 13; 23.) Because his *pro se* filings are properly construed as a motion to amend and **GRANTED**,[1] his allegations in those filings are also considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Defendant attached to its motion its counsel's affidavit in support of its request for attorney's fees under § 74.351 of the Texas Medical Liability Act. (*See* doc. 17-1.) This affidavit is not referred to in the

---

[1] Because Plaintiff is proceeding *pro se*, his pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court. *See Hearn v. Deutsche Bank Nat'l Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)); *see also Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged claim should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) ("The district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). Plaintiff's sworn affidavit and allegations in his response to Defendant's motion to dismiss are therefore construed as a motion to amend, it is granted, and any new allegations are considered.

plaintiff's complaint or central to his claim, so it is not a part of the pleadings. *Collins*, 224 F.3d at 499. For the reasons discussed below, the affidavit has not been considered, so it is unnecessary to treat Defendant's motion as a motion for summary judgment.

### A. Statute of Limitations

Defendant first argues that Plaintiff's claims are barred by the statute of limitations. (doc. 17 at 4-5, 7.)

Although the statute of limitations is an affirmative defense, a defendant may seek and obtain dismissal under Rule 12(b)(6) "when a successful affirmative defense appears on the face of the pleadings." *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."); *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973)(a complaint is subject to dismissal under Rule 12(b)(6) "when the affirmative defense clearly appears on the face of the complaint"). "A statute of limitations may support dismissal under Rule 12(b)(6) [and likewise Rule 12(c)] where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted). Here, Plaintiff's state court petition specifically alleges that the conduct underlying his claims occurred in 1998, so the basis for the defense appears on the face of the pleadings. (*See* doc. 1 at 8-9.)

#### 1. Texas Medical Liability Act

Defendant first argues that Plaintiff's medical malpractice claim is time-barred under the

Texas Medical Liability Act. (doc. 17 at 4.)

"[Medical] malpractice claims are governed by the Texas Medical Liability Act's two-year statute of limitations." *Smith v. Palafox*, 728 F. App'x 270, 275 (5th Cir. 2018) (citing Tex. Civ. Prac. & Rem. Code. §§ 74.001(a)(13); 74.251(a)).[3] The limitations period is measured from one of three dates: "(1) the occurrence of the breach or tort, (2) the last date of relevant course of treatment, or (3) the last date of the relevant hospitalization." *Smith*, 728 F. App'x at 275 (quoting *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001)). A plaintiff cannot choose which of the three categories to apply, and if "the date the alleged tort occurred is ascertainable, limitations must begin on that date." *Id*.

Here, Plaintiff's complaint alleges he donated blood with Defendant "before [August] 1998," and that Doctor Rawlings then confirmed his HIV diagnosis and attributed it to his "recent[]" blood donation in 1998. (doc. 1 at 9; doc. 13 at 1; doc. 23 at 2.) The date of the alleged medical malpractice is ascertainable, and the statute of limitations began to run in 1998. *See Smith*, 728 F. App'x at 725. Plaintiff filed his complaint on September 10, 2021, more than twenty years after learning of his condition. (doc. 1 at 8.) Because this period is well outside the two-year statute of limitation, it is barred by the statute of limitations absent equitable tolling.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998)."Because the Texas statute of limitations

---

[3] "It is a long-recognized principle that federal courts sitting in diversity cases, 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); *see also Guzman v. Mem'l Hermann Hosp. Sys.*, No. H-07-3973, 2008 WL 5273713, at *14 (S.D. Tex. Dec. 17, 2008) (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003)) ("As a general rule, under the Erie doctrine, when a plaintiff asserts a state-law claim in federal court, the federal court applies state substantive law to adjudicate the claims but applies federal procedural law."). Here, Plaintiff's complaint asserts Texas state law, and does not interfere with federal procedure.

7

is borrowed in [Texas Medical Liability Act] cases, Texas' equitable tolling principles also control." *Id*. "[W]hen state statutes of limitations are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Federal law requires that litigants diligently pursue their action before equitable tolling becomes available, however. *See Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Although he appears to contend that the medical treatment recommended by Dr. Rawlings was expected to take 2 to 4 years, Plaintiff alleges that he did not complete the treatment because of the side effects. Even if the accrual date was equitably tolled during those 2 to 4 years, however, his 2021 lawsuit is still untimely. Plaintiff's pleadings fail to allege any facts to support a basis for equitable tolling, diligence in pursuing his claims, or extraordinary circumstances that warrant equitable tolling after twenty years. His medical malpractice claim is barred by the statute of limitations and should be dismissed for failure to state a claim under Rule 12(b)(6). *See Pantoja v. Fort Worth Texas Police Dep't*, 543 F. App'x 379, 379-80 (5th Cir. 2013) (affirming district court's dismissal of time-barred complaint as frivolous and for failure to state a claim).

    2. ***Negligence***

Defendant also argues that even if the medical malpractice claim is construed as an ordinary negligence claim, it is still barred by limitations. (doc. 17 at 7.)

Under Texas law, negligence claims have a two-year limitations period. *La Porte Const. Co. v. Bayshore Nat. Bank of La Porte, Texas*, 805 F.2d 1254, 1256 (5th Cir. 1986) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003). "[A] cause of action generally accrues, and the statute of limitations begins to run[ ] when facts come into existence that authorize a claimant to seek a judicial remedy." *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)), and citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) ("[A] cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."). "To comply with the statute of limitations, a plaintiff must file a lawsuit and serve the lawsuit on the defendant within the limitations period." *Ortega v. Young Again Prod., Inc.*, 548 F. App'x 108, 113 (5th Cir. 2013) (citing *Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.—El Paso 2011, no pet.)).

As discussed, Plaintiff alleges that Defendant allegedly used a "dirty needle" in 1998, and he learned of his HIV diagnosis in the same year. (*See* doc. 1 at 9.) Because any negligence claim accrued long before the expiration of the two-year limitation periods, any negligence claim is also time-barred and should be dismissed for failure to state a claim.

**B.** **Expert Report**

Defendant also argues that Plaintiff's claim must be dismissed because he failed to serve an expert report within 120 days of its answer, as required under Tex. Civ. Prac. & Rem. Code § 74.351 of the Texas Medical Liability Act, and that the statute mandates that it be awarded its

9

attorneys' fees. (doc. 17 at 6.)

    Section 74.351(a) provides:

> In a health care liability claim[4], a claimant shall, not later than the 120th day after the date each defendant's original answer is filed or a later date required under Section 74.353, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

Tex. Civ. Prac. & Rem. Code § 74.351(a). If the claimant fails to do so, the court shall "dismiss[ ] the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim." *Id*. § 74.351(b).

    As noted, courts cannot look beyond the face of the pleadings under Rule 12(b)(6), which provides the applicable standard for Defendant's Rule 12(c) motion. *See Baker,* 75 F.3d at 196; *Guidry*, 512 F.3d at 180. Any failure to file an expert report within 120 days of Defendant's answer is not apparent from the face of Plaintiff's pleadings. *See Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 298 (5th Cir. 2016) (noting that § "74.351's expert report rule is a special *post-filing* requirement), *reh'g en banc denied*, (2016). Defendant cites no authority in support of its motion for judgment on the pleadings under Rule 12(c), or Rule 12(b)(6), based on § 74.351's post-filing requirement. Moreover, in *Passmore,* the United States Court of Appeals for the Fifth Circuit specifically held that "federal court[s] entertaining state law claims may not apply section 74.351" because it directly collides with Rules 26 and 37 of the Federal Rules of Civil Procedure, which govern the timing for production of expert reports and the consequences for failing timely produce those reports, and both of which are valid exercises of Congress's rule-making authority under the

---

[4] A medical malpractice claim is a type of health care liability claim. *See Smith*, 728 F. App'x at 275.

Rules Enabling Act. 823 F.3d at 296-99.

Defendant's motion to dismiss and its request for attorney's fees under § 74.351 of the Texas Medical Liability Act should be denied.

### III. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give pro se plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow pro se plaintiffs an opportunity to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A pro se plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff seeks more time to obtain an expert report. (doc. 23 at 1.) Even if he obtains an expert report, his claims are still time-barred. Because he appears to have pled his best case, no further opportunity to amend is warranted.

### IV. RECOMMENDATION

Defendant's motion for judgment on the pleadings based on the statute of limitations should be **GRANTED,** its motion for judgment on the pleadings and request for attorney's fees

based on Tex. Civ. Prac. & Rem. Code § 74.351 of the Texas Medical Liability Act should be **DENIED**, and all of Plaintiff's claims against Defendant should be **DISMISSED with prejudice**. Plaintiff's motion for summary judgment should be **DENIED as moot**.

    **SO RECOMMENDED** on this 25th day of August, 2022.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE