IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEIMAN V. ROBINSON, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:21-CV-2520-G-BH |
| § | |
| CSL PLASMA CENTER, § | |
| § | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's *Affidavit of Evidence*, filed on September 19, 2022 (doc. 38), should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

## I. BACKGROUND

On September 10, 2021, Nieman V. Robinson (Plaintiff) filed suit in state court against a blood plasma donation center, alleging medical malpractice. (*See* doc. 1 at 8-12.) He claimed that a doctor at the Peabody Health Clinic told him that he had been infected with HIV when he donated plasma in 1998 and recommended a treatment that would take 2 to 4 years, but Plaintiff had to stop the treatment because of the side effects. (*Id.* at 9; doc. 13 at 1; doc. 23 at 2.) His petition stated that the defendant "caused equitable tolling." (*Id.* at 8.) Plaintiff also claimed that the treatment to "cure the recklessness endangerment crime was the causation of statute of limitations." (*See id.*) After removing the action on the basis of diversity jurisdiction, the defendant ultimately moved for judgment on the pleadings on April 6, 2022, based on the statute of limitations. (*See* doc. 1 at 1-3; doc. 17.) Plaintiff responded and moved for summary judgment. (docs. 20, 21, 23.) By judgment entered on September 16, 2022, his claims were dismissed as time-barred. (*See* docs. 35-37.)

---

[1]By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

Three days later, Plaintiff submitted a notarized affidavit in which he swore that he received treatment at the Peabody Health Clinic between 2001 and 2005. (*See* doc. 38.)

## II.  RULE 59(e)

Because Plaintiff's affidavit appears to seek a change in the judgment in this case and was filed within 28 days of its entry, it is properly construed as a motion to alter or amend the judgment arising under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank*, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff submits an affidavit that merely reiterate the allegations in his state court petition regarding his treatment for HIV, which were taken as true for purposes of the motion for judgment on the pleadings. He does not proffer new evidence that was not previously available. Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e). *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected). Plaintiff has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. He has provided insufficient grounds to justify relief under Rule 59(e).

### III.  RECOMMENDATION

Plaintiff's affidavit should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**SIGNED this 11th day of October, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE